UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KELVIN WELLS                                              CIVIL ACTION

VERSUS

REST HAVEN MEMORIAL PARK                                  NO. 09-0744-JJB-CN

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, January 27, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KELVIN WELLS**                                                                                       **CIVIL ACTION**

**VERSUS**

**RESTHAVEN MEMORIAL PARK**                                             **NO. 09-0744-JJB-CN**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff filed this civil action against the Resthaven Memorial Park, a cemetery located in New Orleans, Louisiana. The plaintiff alleged that the defendant has prevented the plaintiff from placing a headstone at his father's grave site, is "usurping and disrespecting family rights" is guilty of "bait & switch", and is retaliating against the plaintiff for his complaints.

A scheduling conference was set in this matter for January 21, 2010, at which time the plaintiff was questioned in open court regarding the legal and factual basis for his Complaint pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  At that time, the plaintiff explained that his father is interred at Resthaven Memorial Park in New Orleans, Louisiana, and that in January or February of 2009, the plaintiff approached the cemetery regarding the placement of a marker at his father's gravesite.  When the cemetery quoted the plaintiff a price of $810.00, the plaintiff inquired whether he could purchase a marker at another location and have it placed at Resthaven, to which the defendant responded in the affirmative and quoted a price of $210.00 to merely place the marker over the gravesite.  To this end, the plaintiff ordered and purchased a marker at another location and, when it was ready, brought it to Resthaven for placement.  Upon viewing the plaintiff's marker, however, representatives of Resthaven advised the plaintiff that the cemetery only allowed bronze markers and would not place the

plaintiff's granite marker on the site. The plaintiff asserts, however, that he has seen other granite markers at the cemetery, and he complains that the defendant is violating his constitutional rights under the Fourteenth Amendment by interfering with "family rights", that the defendant is discriminating and retaliating against him because of his complaints to the Better Business Bureau and the Louisiana Attorney General, and that the defendant is guilty of "bait and switch".

The basis for the plaintiff's invocation of federal jurisdiction is in question. Before addressing the substance of a plaintiff's Complaint, a federal Court must first examine the threshold question of whether it has subject matter jurisdiction. This is an issue of paramount concern, and should be addressed, sua sponte if necessary, at the inception of any federal action. System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky, 242 F.3d 322 (5th Cir. 2001); Moody v. Empire Life Ins. Co., 849 F.2d 902 (5th cir. 1988). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law or a treaty, see 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, see 28 U.S.C. § 1332.

Upon a review of the plaintiff's allegations, as enhanced by his explanation given in open court, the Court concludes that it does not have subject matter jurisdiction with respect to the plaintiff's claim. Rather, the plaintiff's claim appears to relate simply and primarily to a dispute regarding a private cemetery plot located in New Orleans, Louisiana, and apparently relates to the terms of the parties' agreements entered into and obligations relative thereto. The plaintiff's allegations do not appear to implicate any federal statutory or constitutional rights, notwithstanding that he asserts in conclusory fashion that the basis for his suit in federal court is the "14th Amendment" and that his claim presents a "question of constitutional

violation" relative to "family rights".[1]  Further, and in any event, his allegations may not reasonably be read to assert a claim for the violation of his constitutional civil rights under 42 U.S.C. § 1983 because under this statute, a plaintiff must allege and establish that his constitutional rights have been violated by a person acting "under color of state law."  Inasmuch as the defendant cemetery is clearly not a state actor, there is no basis for liability under § 1983.

Further, inasmuch as the plaintiff identifies the defendant as having its place of business in New Orleans, Louisiana, and inasmuch as the plaintiff is also a Louisiana citizen, there is no complete diversity of citizenship between the plaintiff and the defendant in this case. Accordingly, pretermitting any consideration of whether the plaintiff's claim involves a controversy exceeding $75,000 in value, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 for this reason.  Therefore, in the absence of any other apparent basis for federal subject matter jurisdiction, the plaintiff's lawsuit must be dismissed.

## RECOMMENDATION

It is recommended that the plaintiff's Complaint be dismissed for lack of subject matter jurisdiction, reserving to the plaintiff any state

---

[1] Courts which have addressed the Fourteenth Amendment protections that have been afforded to "family rights" have generally limited these protections to the most fundamental of relationships and pursuits.  See, Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)("The personal affiliations that exemplify these considerations, and that therefore suggest some relevant limitations on the relationships that might be entitled to this sort of constitutional protection, are those that attend the creation and sustenance of a family-marriage, childbirth, the raising and education of children, and cohabitation with one's relatives.")(Citations omitted).  In the Court's view, the right to determine, without restriction, the marker which sits above a deceased's father's grave is not within the ambit of the Fourteenth Amendment.  See Arnaud v. Odom, 870 F.2d 304 (5th Cir.), cert. denied, 493 U.S. 855, 110 S.Ct. 159, 107 L.Ed.2d 117 (1989).

law claims which he may have.

    Signed in chambers in Baton Rouge, Louisiana, January 27, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**